UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3:25 cr 003 |
| Plaintiff, | |
| vs. | JUDGE THOMAS M. ROSE |
| TIMOTHY FARR, | INDICTMENT |
| | 18 U.S.C. § 924(c) |
| | 18 U.S.C. § 1951 |
| Defendant. | |

**THE GRAND JURY CHARGES:**

**COUNT ONE**
[Interference with Commerce by Threats or Violence]

1. At all times relevant to this Indictment:

    a. With locations in states throughout this country, Sunoco was a gas station operating at 1502 Wayne Avenue, Dayton, Ohio. Sunoco engaged in interstate commerce and was an industry which affects interstate commerce.

2. On or about December 3, 2024, in the Southern District of Ohio, defendant **TIMOTHY FARR**, did unlawfully obstruct, delay, and affect commerce, and the movement of articles and commodities in such commerce by robbery and threats of physical violence to any person, in that defendant **TIMOTHY FARR**, did unlawfully take and obtain personal property in the presence of an employee of Sunoco, against the will of the employee of Sunoco, by means of actual and threatened force, violence, and fear of injury, immediate and future, to the employee's person at the time of the taking and obtaining.

    In violation of Title 18, United States Code, Section 1951.

## COUNT TWO
[Using and Carrying a Firearm During and in Relation to a Crime of Violence]

3. On or about December 3, 2024, in the Southern District of Ohio, defendant **TIMOTHY FARR**, knowingly used, carried, and brandished a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States—namely, Interference with Commerce by Threats or Violence, in violation of Title 18, United States Code, Section 1951, alleged in Count One of the Indictment.

In violation of Title 18, United States Code, Section 924(c)(1)(A)(ii).

## COUNT THREE
[Interference with Commerce by Threats or Violence]

4. At all times relevant to this Indictment:

    a. With locations in states throughout this country, Marathon was a gas station operating at 4412 Linden Avenue, Dayton, Ohio. Marathon engaged in interstate commerce and was an industry which affects interstate commerce.

5. On or about December 4, 2024, in the Southern District of Ohio, defendant **TIMOTHY FARR**, did unlawfully obstruct, delay, and affect commerce, and the movement of articles and commodities in such commerce by robbery and threats of physical violence to any person, in that defendant **TIMOTHY FARR**, did unlawfully take and obtain personal property in the presence of an employee of Marathon, against the will of the employee of Marathon, by means of actual and threatened force, violence, and fear of injury, immediate and future, to the employee's person at the time of the taking and obtaining.

In violation of Title 18, United States Code, Section 1951.

## **COUNT FOUR**
[Using and Carrying a Firearm During and in Relation to a Crime of Violence]

6. On or about December 4, 2024, in the Southern District of Ohio, defendant **TIMOTHY FARR**, knowingly used, carried, and brandished a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States—namely, Interference with Commerce by Threats or Violence, in violation of Title 18, United States Code, Section 1951, alleged in Count Three of the Indictment.

In violation of Title 18, United States Code, Section 924(c)(1)(A)(ii).

## **COUNT FIVE**
[Interference with Commerce by Threats or Violence]

7. At all times relevant to this Indictment:

    a. Ray's Xenia Avenue Market was a variety store operating at 720 Xenia Avenue, Dayton, Ohio. Ray's Xenia Avenue Market engaged in interstate commerce and was an industry which affects interstate commerce.

8. On or about December 6, 2024, in the Southern District of Ohio, defendant **TIMOTHY FARR**, did unlawfully obstruct, delay, and affect commerce, and the movement of articles and commodities in such commerce by robbery and threats of physical violence to any person, in that defendant **TIMOTHY FARR**, did unlawfully take and obtain personal property in the presence of an employee of Ray's Xenia Avenue Market, against the will of the employee of Ray's Xenia Avenue Market, by means of actual and threatened force, violence, and fear of injury, immediate and future, to the employee's person at the time of the taking and obtaining.

In violation of Title 18, United States Code, Section 1951.

## COUNT SIX
[Using and Carrying a Firearm During and in Relation to a Crime of Violence]

9. On or about December 6, 2024, in the Southern District of Ohio, defendant **TIMOTHY FARR**, knowingly used, carried, and brandished a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States—namely, Interference with Commerce by Threats or Violence, in violation of Title 18, United States Code, Section 1951, alleged in Count Five of the Indictment.

In violation of Title 18, United States Code, Section 924(c)(1)(A)(ii).

## COUNT SEVEN
[Interference with Commerce by Threats or Violence]

10. At all times relevant to this Indictment:

    a. Free Pike Drive-Thru was a variety store and drive thru operating at 4053 Free Pike, Dayton, Ohio. Free Pike Drive-Thru engaged in interstate commerce and was an industry which affects interstate commerce.

11. On or about December 7, 2024, in the Southern District of Ohio, defendant **TIMOTHY FARR**, did unlawfully obstruct, delay, and affect commerce, and the movement of articles and commodities in such commerce by robbery and threats of physical violence to any person, in that defendant **TIMOTHY FARR**, did unlawfully take and obtain personal property in the presence of an employee of Free Pike Drive-Thru, against the will of the employee of Free Pike Drive-Thru, by means of actual and threatened force, violence, and fear of injury, immediate and future, to the employee's person at the time of the taking and obtaining.

In violation of Title 18, United States Code, Section 1951.

## COUNT EIGHT
[Using and Carrying a Firearm During and in Relation to a Crime of Violence]

12. On or about December 7, 2024, in the Southern District of Ohio, defendant **TIMOTHY FARR**, knowingly used, carried, and brandished a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States—namely, Interference with Commerce by Threats or Violence, in violation of Title 18, United States Code, Section 1951, alleged in Count Seven of the Indictment.

In violation of Title 18, United States Code, Section 924(c)(1)(A)(ii).

## COUNT NINE
[Interference with Commerce by Threats or Violence]

13. At all times relevant to this Indictment:

    a. With locations in states throughout this country, Sunoco was a gas station operating at 1053 Selma Road, Springfield, Ohio. Sunoco engaged in interstate commerce and was an industry which affects interstate commerce.

14. On or about December 8, 2024, in the Southern District of Ohio, defendant **TIMOTHY FARR**, did unlawfully obstruct, delay, and affect commerce, and the movement of articles and commodities in such commerce by robbery and threats of physical violence to any person, in that defendant **TIMOTHY FARR**, did unlawfully take and obtain personal property in the presence of an employee of Sunoco, against the will of the employee of Sunoco, by means of actual and threatened force, violence, and fear of injury, immediate and future, to the employee's person at the time of the taking and obtaining.

In violation of Title 18, United States Code, Section 1951.

## COUNT TEN
[Using and Carrying a Firearm During and in Relation to a Crime of Violence]

15. On or about December 8, 2024, in the Southern District of Ohio, defendant **TIMOTHY FARR**, knowingly used, carried, and brandished a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States—namely, Interference with Commerce by Threats or Violence, in violation of Title 18, United States Code, Section 1951, alleged in Count Nine of the Indictment.

In violation of Title 18, United States Code, Section 924(c)(1)(A)(ii).

## COUNT ELEVEN
[Interference with Commerce by Threats or Violence]

1. At all times relevant to this Indictment:

    a. With locations in states throughout this country, Family Dollar was a variety store operating at 5335 Salem Avenue, Trotwood, Ohio. Family Dollar engaged in interstate commerce and was an industry which affects interstate commerce.

2. On or about December 8, 2024, in the Southern District of Ohio, defendant **TIMOTHY FARR**, did unlawfully obstruct, delay, and affect commerce, and the movement of articles and commodities in such commerce by robbery and threats of physical violence to any person, in that defendant **TIMOTHY FARR**, did unlawfully take and obtain personal property in the presence of an employee of Family Dollar, against the will of the employee of Family Dollar, by means of actual and threatened force, violence, and fear of injury, immediate and future, to the employee's person at the time of the taking and obtaining.

In violation of Title 18, United States Code, Section 1951.

## COUNT TWELVE
[Using and Carrying a Firearm During and in Relation to a Crime of Violence]

3. On or about December 8, 2024, in the Southern District of Ohio, defendant **TIMOTHY FARR**, knowingly used, carried, and brandished a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States—namely, Interference with Commerce by Threats or Violence, in violation of Title 18, United States Code, Section 1951, alleged in Count Eleven of the Indictment.

In violation of Title 18, United States Code, Section 924(c)(1)(A)(ii).

## COUNT THIRTEEN
[Interference with Commerce by Threats or Violence]

4. At all times relevant to this Indictment:

   a. Mini Mart was a variety store operating at 1117 North Main Street, Dayton, Ohio. Mini Mart engaged in interstate commerce and was an industry which affects interstate commerce.

5. On or about December 10, 2024, in the Southern District of Ohio, defendant **TIMOTHY FARR**, did unlawfully obstruct, delay, and affect commerce, and the movement of articles and commodities in such commerce by robbery and threats of physical violence to any person, in that defendant **TIMOTHY FARR**, did unlawfully take and obtain personal property in the presence of an employee of Mini Mart, against the will of the employee of Mini Mart, by means of actual and threatened force, violence, and fear of injury, immediate and future, to the employee's person at the time of the taking and obtaining.

In violation of Title 18, United States Code, Section 1951.

## COUNT FOURTEEN
[Using and Carrying a Firearm During and in Relation to a Crime of Violence]

6. On or about December 10, 2024, in the Southern District of Ohio, defendant **TIMOTHY FARR**, knowingly used, carried, and brandished a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States—namely, Interference with Commerce by Threats or Violence, in violation of Title 18, United States Code, Section 1951, alleged in Count Thirteen of the Indictment.

In violation of Title 18, United States Code, Section 924(c)(1)(A)(ii).

## COUNT FIFTEEN
[Interference with Commerce by Threats or Violence]

7. At all times relevant to this Indictment:

   a. With locations in states throughout this country, Marathon was a gas station operating at 1737 East Fifth Street, Dayton, Ohio. Marathon engaged in interstate commerce and was an industry which affects interstate commerce.

8. On or about December 11, 2024, in the Southern District of Ohio, defendant **TIMOTHY FARR**, did unlawfully obstruct, delay, and affect commerce, and the movement of articles and commodities in such commerce by robbery and threats of physical violence to any person, in that defendant **TIMOTHY FARR**, did unlawfully take and obtain personal property in the presence of an employee of Marathon, against the will of the employee of Marathon, by means of actual and threatened force, violence, and fear of injury, immediate and future, to the employee's person at the time of the taking and obtaining.

In violation of Title 18, United States Code, Section 1951.

## COUNT SIXTEEN
[Using and Carrying a Firearm During and in Relation to a Crime of Violence]

9. On or about December 11, 2024, in the Southern District of Ohio, defendant **TIMOTHY FARR**, knowingly used, carried, and brandished a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States—namely, Interference with Commerce by Threats or Violence, in violation of Title 18, United States Code, Section 1951, alleged in Count Fifteen of the Indictment.

In violation of Title 18, United States Code, Section 924(c)(1)(A)(ii).

## COUNT SEVENTEEN
[Interference with Commerce by Threats or Violence]

10. At all times relevant to this Indictment:

    a. White Oak Deli was a deli shop in Green Township, operating at 6035 Cheviot Road, Cincinnati, Ohio. White Oak Deli engaged in interstate commerce and was an industry which affects interstate commerce.

11. On or about December 12, 2024, in the Southern District of Ohio, defendant **TIMOTHY FARR**, did unlawfully obstruct, delay, and affect commerce, and the movement of articles and commodities in such commerce by robbery and threats of physical violence to any person, in that defendant **TIMOTHY FARR**, did unlawfully take and obtain personal property in the presence of an employee of White Oak Deli, against the will of the employee of White Oak Deli, by means of actual and threatened force, violence, and fear of injury, immediate and future, to the employee's person at the time of the taking and obtaining.

In violation of Title 18, United States Code, Section 1951.

## COUNT EIGHTEEN
[Using and Carrying a Firearm During and in Relation to a Crime of Violence]

12. On or about December 12, 2024, in the Southern District of Ohio, defendant **TIMOTHY FARR**, knowingly used, carried, and brandished a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States—namely, Interference with Commerce by Threats or Violence, in violation of Title 18, United States Code, Section 1951, alleged in Count Seventeen of the Indictment.

In violation of Title 18, United States Code, Section 924(c)(1)(A)(ii).

## COUNT NINETEEN
[Interference with Commerce by Threats or Violence]

13. At all times relevant to this Indictment:

　　a. With locations in states throughout this country, Family Dollar was a variety store operating at 1014 West Main Street, Springfield, Ohio. Family Dollar engaged in interstate commerce and was an industry which affects interstate commerce.

14. On or about December 14, 2024, in the Southern District of Ohio, defendant **TIMOTHY FARR**, did unlawfully obstruct, delay, and affect commerce, and the movement of articles and commodities in such commerce by robbery and threats of physical violence to any person, in that defendant **TIMOTHY FARR**, did unlawfully take and obtain personal property in the presence of an employee of Marathon, against the will of the employee of Family Dollar, by means of actual and threatened force, violence, and fear of injury, immediate and future, to the employee's person at the time of the taking and obtaining.

In violation of Title 18, United States Code, Section 1951.

## COUNT TWENTY
[Using and Carrying a Firearm During and in Relation to a Crime of Violence]

15. On or about December 14, 2024, in the Southern District of Ohio, defendant **TIMOTHY FARR**, knowingly used, carried, and brandished a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States—namely, Interference with Commerce by Threats or Violence, in violation of Title 18, United States Code, Section 1951, alleged in Count Nineteen of the Indictment.

In violation of Title 18, United States Code, Section 924(c)(1)(A)(ii).

## COUNT TWENTY-ONE
[Interference with Commerce by Threats or Violence]

1. At all times relevant to this Indictment:

   b. Sammy's Drive-thru was a variety store and drive thru operating at 1290 Woodman Drive, Dayton, Ohio. Sammy's Drive-thru engaged in interstate commerce and was an industry which affects interstate commerce.

2. On or about December 15, 2024, in the Southern District of Ohio, defendant **TIMOTHY FARR**, did unlawfully obstruct, delay, and affect commerce, and the movement of articles and commodities in such commerce by robbery and threats of physical violence to any person, in that defendant **TIMOTHY FARR**, did unlawfully take and obtain personal property in the presence of an employee of Sammy's Drive-thru, against the will of the employee of Sammy's Drive-thru, by means of actual and threatened force, violence, and fear of injury, immediate and future, to the employee's person at the time of the taking and obtaining.

In violation of Title 18, United States Code, Section 1951.

## COUNT TWENTY-TWO
[Using and Carrying a Firearm During and in Relation to a Crime of Violence]

On or about December 15, 2024, in the Southern District of Ohio, defendant **TIMOTHY FARR**, knowingly used, carried, and brandished a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States—namely, Interference with Commerce by Threats or Violence, in violation of Title 18, United States Code, Section 1951, alleged in Count Twenty-One of the Indictment.

In violation of Title 18, United States Code, Section 924(c)(1)(A)(ii).

## COUNT TWENTY-THREE
[Interference with Commerce by Threats or Violence]

1. At all times relevant to this Indictment:

    a. With locations in states throughout this country, United Dairy Farmers was a variety store operating at 7111 Vine Street, Cincinnati, Ohio. United Dairy Farmers engaged in interstate commerce and was an industry which affects interstate commerce.

2. On or about December 15, 2024, in the Southern District of Ohio, defendant **TIMOTHY FARR**, did unlawfully obstruct, delay, and affect commerce, and the movement of articles and commodities in such commerce by robbery and threats of physical violence to any person, in that defendant **TIMOTHY FARR**, did unlawfully take and obtain personal property in the presence of an employee of United Dairy Farmers, against the will of the employee of United Dairy Farmers, by means of actual and threatened force, violence, and fear of injury, immediate and future, to the employee's person at the time of the taking and obtaining.

In violation of Title 18, United States Code, Section 1951.

## COUNT TWENTY-FOUR
[Using and Carrying a Firearm During and in Relation to a Crime of Violence]

On or about December 15, 2024, in the Southern District of Ohio, defendant **TIMOTHY FARR**, knowingly used, carried, and brandished a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States—namely, Interference with Commerce by Threats or Violence, in violation of Title 18, United States Code, Section 1951, alleged in Count Twenty-Three of the Indictment.

In violation of Title 18, United States Code, Section 924(c)(1)(A)(ii).

## FORFEITURE ALLEGATION ONE

Upon conviction of any offense, in violation of 18 U.S.C. § 1951, as set forth in this Indictment, defendant **TIMOTHY FARR** shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violation(s).

## FORFEITURE ALLEGATION TWO

Upon conviction of one or more of the offenses set forth in Counts One through Twenty-Four of this Indictment, defendant **TIMOTHY FARR** shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in or used in such violation(s) including, but not limited to, a Walther, Model PPQ 9mm pistol, serial number FCS6993, with magazine, any attachments, and approximately twelve (12) rounds of ammunition.

## SUBSTITUTE ASSETS

If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the defendant, up to the value of the property described above.

A TRUE BILL

FOREPERSON

KENNETH L. PARKER
UNITED STATES ATTORNEY

RYAN A. Saunders
Assistant United States Attorney